# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

MICHAEL BROOKER        *
       *     Civil Case No. AW-09-2210
v.        *     Criminal Case No. AW-04-0575
       *
       *
UNITED STATES OF AMERICA     ******

## MEMORANDUM OPINION

Before the Court is a Motion/Petition to Vacate filed by the Petitioner/Defendant, Michael Brooker, for relief pursuant to 18 U.S.C. § 2255. On February 1, 2006 and pursuant to a written plea agreement dated Janauary 26, 2006, Petitioner entered a guilty plea to count 1 (Conspiracy to commit identity theft in violation of 18 U.S.C § 371) and count 8 (obstruction of Justice in violation of 18 U.S.C 1503) of the Superseding Indictment. A presentence report was ordered and the matter was set down for a sentencing hearing on August 1, 2007. Under the Sentencing Guidelines, Petitioner's offense level was a 28 and his criminal history level was a category III--which called for a guideline sentence of 97 to 121 months incarceration. Notwithstanding Petitioner's exposure under the sentencing guidelines, the Court departed significantly (six levels) articulating its reasons as follows: (1) The Defendant's serious medical issues including his current radiation treatment for Non-Hodgkins's Gastric Lymphoma; (2) The Defendant's extensive cooperation although the Government exercised it's discretion to not make a motion for a 5k1.1 departure; (3) in order to avoid great disparity as a result of the much lesser sentences imposed upon the co-defendants. Following the downward departure from a level 28 to an offense level of 22 coupled with a criminal history category of III (which set forth a guideline range of 51-60 months incarceration), the Court imposed concurrent 60 month

sentences of incarceration followed by three years of supervised release, respectively as to counts 1 and 8 of the Superseding Indictment. Judgment was entered on August 2, 2007. Despite [under the plea agreement] having waived his right to appeal, Petitioner nevertheless on August 3, 2007 filed an appeal from the conviction and judgment entered. Subsequently thereto, the Government moved to dismiss the appeal. On May 8, 2008 the Court of Appeals for the Fourth Circuit granted Government's motion to dismiss the appeal and entered its mandate on June 25, 2008. The present § 2255 was then filed by Petitioner on August 21, 2009.

Petitioner presents four claims in support of his Motion which he contends entitle him to relief. First, Petitioner asserts that his guilty plea was unknowing and involuntary. He appears to base this claim on an alleged conflict of interest by his counsel (which Petitioner argues denied him his Six Amendment right to the effective assistance of counsel), and on the failure of his attorney to raise what he claims was an attorney-client violation, both of which thereby rendered his guilty pleas to counts one and eight unknowing and involuntary. Second, Petitioner asserts that he was the victim of ineffective assistance of counsel during the sentencing because: (a) his counsel allegedly did not challenge the Government's claim that Petitioner had breached his plea agreement, and (b) because of the allege failure of his counsel to argue that it was the Government [not Petitioner] who breached the plea agreement. Third, Petitioner posits that he was denied his Sixth Amendment Right to the effective assistance of counsel on the appeal level because of his counsel's failure to argue on appeal that the Government's breach of the plea agreement voided the waiver of plea clause in his plea agreement. Finally, Petitioner claims that there is newly discovered evidence which conclusively proves that Petitioner did not breach the plea agreement. The Government has responded to the Motion and Petitioner has filed his reply.

The matter (Motion) is now ripe for resolution.

With respect to the claims by Petitioner that his counsel was ineffective, the Court reviews his allegations under the well established standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), under which a claimant must establish the two prong standard of deficient performance and prejudice. In other words, in order to succeed on his claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense. <u>Id.</u>

Petitioner first makes a broad allegation that his plea was unknowing and involuntary and couples this claim with an allegation that two attorneys (one with whom Petitioner has previously consulted prior to his indictment in this case; and another who initially represented Petitioner but filed a motion to withdraw) had at some point represented the confidential informant/witness in Petitioner's case. As a consequence, Petitioner argues that the failure of his counsel in this case to have raised the attorney-client conflict of interest claims denied Petitioner his Sixth Amendment Right to the effective assistance of counsel. The Court agrees with the Government that neither of these attorneys [who Petitioner alleges had conflicts of interest] represented Petitioner at the time Petitioner entered his guilty plea. Petitioner does not claim that his counsel who represented him at the rule 11 proceeding had any conflict, nor has Petitioner offered any compelling (Sixth Amendment) argument why his counsel was constitutionally ineffective in not raising an issue with respect to alleged conflicts of interest with previous

3

counsel. The Court conducted a thorough rule 11 proceeding with Petitioner [who represented that he had two years of college], and inquired of him whether he was satisfied with his then counsel. Petitioner responded in the affirmative that he was satisfied with his counsel, that his counsel had done everything Petitioner had asked of him, and advised the Court that Petitioner had no complaints concerning his attorney to bring to the attention of the Court. The Court went on to determine that Petitioner had made a voluntary, knowing, and understanding decision to plead guilty after having waived his constitutional rights, and that there was an adequate factual basis to support the guilty plea. The Court cannot find a basis for concluding that the guilty plea was unknowing and involuntary. This first claim, therefore, is no more than a bald allegation.

Next, Petitioner asserts that his trial counsel was ineffective in failing to argue that the Government breached the plea agreement by not making a motion for a four level downward departure for substantial assistance. Petitioner claims that the Government orally advised the Defense that the motion was going to be made and that only days before the sentencing did the Government notify the defense that they would not be making the motion. Petitioner further asserts that his trial counsel should have requested a continuance to develop clear evidence that the Government was breaching its plea agreement and was not acting in good faith. This assertion is devoid of merit. Both the plea agreement which Petitioner reviewed and signed and as well as Petitioner's responses given at the rule 11 inquiry proceedings reflect that Petitioner was clearly aware that the Government had sole discretion to determine whether Petitioner had provided substantial assistance and whether the Government would even make the 5K1.1 motion for a downward departure. In addition, the agreement required that Petitioner be in full compliance with his obligations under the plea agreement which included Petitioner not having

4

committed any violations of the law.

The Court reviewed the transcript of the sentencing which consisted of some 76 pages. Contrary to Petitioner's assertion that his counsel did not argue that the Government had breached the plea agreement, the transcript reflects the exact opposite. One page 4 of the transcript, Petitioner's counsel advised the Court at the onset of the sentencing proceeding that the defense was asserting that the Government had breached the plea agreement in that the Government was not operating in good faith with respect to the 5K1.1 motion. The Court then conducted a full and thorough hearing before sentencing Petitioner. The Government called FBI special agent, Patrick F. Fallon, Jr. as a witness, and Petitioner called three witnessed, namely, Tracye R. Hernandez-Booker, Nadine Richardson, and Inez Booker. The Court then called a witness, Charles Richardson and permitted counsel for both sides an opportunity to examine the Court's witness. After an extensive hearing on the issue of whether Petitioner was in breach of the agreement and whether the Government was or was not operating in good faith, the Court made clear findings. The Court determined that while supposedly cooperating with the Government, Petitioner was involved in a fraudulent straw transfer of property owned by Petitioner's uncle, Charles Richardson, who testified that he had not authorized anyone to remove his name from the deed. It was clear from the testimony as well as from the documents and evidence presented at the sentencing hearing that Petitioner was, indeed, involved in either a transaction replete with trappings of fraud or [at worst] a criminal act-either of which was in clear violation of his plea agreement. The Court further found that the Government did not breach the plea agreement and that its decision not to make the 5K1.1 motion had a reasonable basis. Accordingly, the Court found that the decision by the Government declining to make the

5

5K1.1 motion was made in good faith.  Petitioner's assertion that his counsel should have requested a continuance and that there were additional witnesses and evidence available to have established the Government's breach simply is more speculation than fact.  At any rate, the Court is not convinced that a continuance which may have developed additional evidence would likely establish dereliction in performance by his counsel.  Moreover, there is absolutely no prejudice inasmuch as the Court, in fact, considered Petitioner's cooperation and departed downward [ not merely the maximum four levels downward which the Government could have requested under the agreement if the Government believed that Petitioner provided substantial assistance]  six levels.  Where is the prejudice?

      Petitioner's third claim is that appellate counsel denied Petitioner the effective assistance of counsel under the Sixth Amendment by failing to argue on appeal that the Government's breach of the plea agreement voided the appeal waiver.  This claim is also devoid of merit.  As indicated above, Petitioner was not denied the effective assistance of counsel and the Court does not believe that the facts support Petitioner's claim that the Government breached the plea agreement. Under the plea agreement, Petitioner and the Government waived their right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted base offense level of 24.  In fact, the Court departed 6  levels and sentenced Petitioner within the sentencing guideline range for an adjusted level of 22.  The Fourth Circuit dismissed Petitioner's appeal and there is absolutely no basis for this Court to conclude that that Petitioner was a victim of the ineffective assistance of counsel because appellate counsel failed to argue the Government's alleged breach on appeal.

      Finally, Petitioner argues that he has newly discovered evidence which proves that

Petitioner did not breach the plea agreement. Specifically, Petitioner claims that his uncle, Charles Richardson, is not the rightful owner of the property in question and that he (Richardson) falsely testified at the sentencing hearing. Petitioner further argues that had this so-called newly discovered evidence been available at the sentencing hearing, the Court would not have concluded that Petitioner breached his plea agreement. Again, because the Court departed downward by six levels giving Petitioner more than he would have received had there been no breach and had the Government made the motion for a 5K1.1, the Court poses the same question. Where is the prejudice? Even if the Court found that Petitioner was in possession of newly discovered evidence, there is no prejudice whatsoever. The Court gave Petitioner more that he would have received had there been no breach. This fourth and final claim, therefore, must be denied.

In this case, Petitioner, with the assistance of competent counsel, entered a plea agreement with the Government. Further, Petitioner advised the Court under oath and pursuant to the Rule 11 colloquy that he was guilty of the counts to which he pled, that he understood all of his rights and that he had reached a decision to plead guilty. The Court does not believe on this record that Petitioner has made any showing that counsel's performance was legally deficient nor is there any evidence of prejudice pursuant to the <u>Strickland</u> standard. Accordingly, Petitioner's ineffective assistance of counsel claim must fail.

Nor does the Court believe that Petitioner has pointed to the existence of any meritorious grounds to assail the conviction and sentence. The Court believes that it considered all of the circumstances surrounding the Government's decision not to make a 5K1.1 Motion and that it correctly determined: that the Government had not breached the plea agreement, had not acted

in bad faith, and had properly exercised its discretion not to make the 5k1.1 Motion. But more, importantly, it is clear from the record that the Court carefully took into consideration, Petitioner's effort to cooperate, his medical situation, and the need to avoid any unwarranted sentencing disparities in the context of co-defendants. After the Court departed some six levels, Petitioner ended up with more relief which he would have received had the Government made the Motion to depart downward up to its maximum obligation under the plea agreement of 4 levels) for substantial assistance. The Court, therefore, confesses befuddlement as to how Petitioner has been prejudiced.

At any rate, the Court has reviewed the current pleadings and the entire files relative to the present motion as well as the underlying criminal case. The Court concludes that Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, the Petitioner's motion pursuant to § 2255 is DENIED. A separate Order will be issued.

Date: June 1, 2010

_____/s/_____
Alexander Williams, Jr.
United States District Judge